versus City of Norman, case 18-6187. May it please the court, my name is David Marchese, I represent the appellants Toby Harmon and Shane and Tammy Dodson in this case. I'll note at the outset that I intend to reserve about two minutes for rebuttal. Thank you. This case involves a disturbing the peace ordinance that, as applied, does not even require that anyone's peace be disturbed. As applied, all that is necessary is that sound be audible inside a building. The district court actually used the word audible. It doesn't matter how faintly that sound may be heard, it doesn't even matter by whom the sound is heard. I don't see how you can say the statute doesn't require disturbing the peace. It starts, no person shall disturb the peace by, and then it goes down to paragraph 3, playing or creating loud and unusual sounds. So I don't see how you can say the statute doesn't even require disturbing the peace. It's the very introductory phrase of the very statute. Correct. But as applied. So how can you say it doesn't require disturbing the peace? Well, as applied, the law enforcement officers in this case told the appellants, if you can be heard inside the building, then you violated the ordinance. It doesn't require any evidence that anyone's peace is actually disturbed. The ordinance as written says that. As applied, law enforcement told on a number of occasions, if you can be heard inside the building, then you violated the ordinance. That's simply not constitutional. That's not narrowly tailored to serve any government interest. And I would note, that's not narrowly tailored to serve even a significant government interest. Well, how do you get around then the district court's statement that the evidence submitted to date establishes that the city's enforcement staffers have focused on particularly loud noises which can be heard inside the facility. It is not attempted to prevent plaintiffs from communicating their ideas, but it's focused only on plaintiffs' activities which are particularly loud, audible, inside the clinic, and more likely to disrupt the relaxed, unclear, relaxed, helpful atmosphere in a medical facility. So that's the factual finding. Now, how do you deal with that? Well, again, the factual finding is if the sound is audible. No, it's not just audible. It was likely to disrupt the atmosphere. By being audible. And loud noises, loud, not just audible, but loud. Well, what the district court said is it's likely to be disruptive by being audible inside the clinic. He said that loud noises, and were audible inside, and then likely to disrupt. So I know in your brief you take issue with the word likely, but this is a preliminary injunction issue, and for preliminary injunction the test is likely to prevail. So he was simply adopting the preliminary injunction standard of are they likely to prove their case or not? So at trial he might have had to say they were disturbed, but for preliminary injunction he's using the standard correctly about likely to prove that it disrupted. So what's wrong with all that? There's no evidence in the record of any kind that anyone inside the building ever heard. Okay, so you're saying that that finding of fact was clearly erroneous. It was clearly erroneous. It's not based on any... And it was an abuse of discretion, very tolerant standard of review for a judge denying a preliminary injunction. I understand. It's based on... And yet the defendant, the plaintiff themselves, at one point said in a blog or an email or something that there was at least one family out there that heard him inside the clinic and therefore decided not to have an abortion. So his own admission was that it not only was heard inside, but disrupted or changed a course of action that some of the patient's clients were proceeding to follow. Obviously the plaintiff's intent here is to affect people that are going into the clinic. And apparently in the clinic, since loud noises can be heard inside the clinic. I'm sorry? And apparently to affect them inside the clinic as well, because of the finding by the district court that these loud audible noises were heard inside the clinic. Again, I don't think a Facebook post by the plaintiff trying to support its own position that we're accomplishing something here. There's just not evidence that any person... So you're saying there was zero evidence, even though your own client posted on a blog that he had persuaded somebody from inside the clinic to change their mind about an abortion because they heard his message inside the clinic. Well, I don't think he had any evidence that anyone inside the building actually heard him. And again, even if there's evidence, to be heard inside a building automatically disturbs the peace. The stated interest of the city here is to prevent loud and offensive noise. Now, we've challenged the ordinance on its face as well. Were they using an amplification system? At times. I don't know if I can say on all occasions. I don't think on all occasions they were. But at times they used an amplification system. And what was the purpose of the amplification system?  They're out on the sidewalk. I mean, when they preach anywhere in the city, they use amplification because they're trying to be heard. How far away? They were only about 25 feet away, right? Based on the video from the entrance, it's probably a little bit more than that. But they were out on the public sidewalk. Clearly, you wouldn't need amplification to be heard 25 feet away, outside. To be heard inside the building? No, outside. To be heard just outside, you wouldn't need amplification from 25 feet. When somebody is walking into the clinic and you're 25 feet away, you can shout at them and be heard plainly without amplification. Well, in cases such as this where we have preachers that are preaching over a long period of time, they will tell you that your natural voice becomes strained when you don't have amplification. You can only preach for a certain amount of time. It may be true and prevail at trial, but a preliminary injunction, which is a disfavored device, why was the court clearly wrong in saying that that amplification, plus the person who changed their mind that you bragged about, plus any other evidence shows that this was disruptive inside the clinic, and therefore it was disturbing the peace? Well, again, to be heard inside a building is not evidence that someone's peace was disturbed. It's not evidence that sound is loud or offensive. And the district court and the city relied on the Madsen case. In Madsen, they had evidence from a doctor who worked inside the clinic that said, patients who have to run the gauntlet of protesters, their hypertension is raised and they have to apply additional sedative in order to be able to perform procedures. There's no evidence of that here. And even the city, the evidence that they point to is a police report that says, Mr. Harmon disturbed the business, I guess, was the term. First of all, again, that's a police officer that's standing outside that has no statements, no evidence from anyone inside. That simply is not evidence that someone inside heard. So I just... I'm a bit confused about what your as-applied claim is. It sounds to me like you're saying what happened that was wrong here is that the officers were preventing your clients from doing something that was allowed by the ordinance, that they were going beyond the ordinance. That, to me, sounds like they're violating the law rather than applying a statute that, in this context, violates their First Amendment rights. So explain to me what it is that you're saying beyond the allegation that the officers were imposing requirements on your clients that weren't authorized by the ordinance. Well, we've challenged the ordinance on its face. Yes, yes, yes. I know that. That's why I'm having trouble understanding the as-applied. Well, the ordinance doesn't provide sufficient guidance to law enforcement officers. They're given discretion, they're given broad discretion to apply the language of the ordinance. That sounds like a facial challenge to the ordinance. No, I would argue that as-applied, they're exercising unbridled discretion to say what this vague language means, as-applied, that they could have applied it. So, okay, if you're talking about as-applied, then don't you have to be saying that what they're doing is authorized by the ordinance, but the ordinance, as applied in that context, is unconstitutional? Isn't that what an as-applied challenge is, as opposed to what I thought you were saying, which is they're misapplying the ordinance? Which is it? I'm confused. I'm really trying to figure out what your issue is because I'm not clear. I think the language of the ordinance is so broad. That's a challenge to the ordinance. That's a facial challenge. So is that your challenge? What do you mean by the as-applied challenge? They're applying it in such a way. They're exercising discretion to apply the language of the ordinance. I don't think it's not. They're not violating the ordinance. Well, I don't think that it's in direct violation of the ordinance. Again, I think they're trying to fit it under the broad language. But, I mean, they could have applied it constitutionally by actually requiring that there be some disturbance. Instead, they're saying if you can be heard inside, you're automatically disturbing somebody's peace, which is the language of the ordinance. But they're bringing it to a level to where as long as they can hear you, as long as it's audible inside the building. So you agree that the ordinance allows you, can make it a violation even if, in fact, you don't disturb anybody? You agree that that's what the ordinance says? Not on its face. Okay, maybe I shouldn't pursue this any further, but I'm confused. The ordinance on its face says disturbing the peace. As long as it's language. Disturbing the peace requires someone's peace to be disturbed. Requires someone's peace to be disturbed. Now we've, of course, argued that. And now you're saying that what they're doing wrong is they're prosecuting or threatening people with prosecution under the ordinance who aren't, in fact, disturbing anyone's peace. That seems to me that you're saying the officers are not enforcing the ordinance properly. Not that there's something wrong with the ordinance. Well, I guess what I'm saying is by enforcing it to mean that as long as sound is audible inside a building, that that's somehow unconstitutional. Are you saying that the occupants of the building have not complained about the noise? The only evidence in the record that anyone inside ever complained was when someone heard screaming outside. And it was not Mr. Harmon or the Dodsons. It was someone who's not a party to this case or to this appeal. There's no evidence in the record that anyone inside ever heard Mr. Harmon or either of the Dodsons in this case. But it's your burden, because you're the one seeking the injunction, correct? Correct. And what is your understanding as to your burden in that regard? It's our burden to show... Is it true that there was never a disturbance and that you were prevented from speaking? It's our burden to show that we're likely to show that First Amendment protected speech in a public forum was infringed. And I would note that, and we point this out in the brief, the burden is always on the government in First Amendment cases to prove the constitutionality. Once we make a prima facie case, which I argue we did, it's the government's burden to show that their law is constitutional. They've tried to shift that burden back to the plaintiffs in this case. I submitted supplemental authority that... So you're asserting, to get back to Judge Hartz's point, that the ordinance itself is unconstitutional. Not that it's being applied unconstitutionally, but that the ordinance itself facially is unconstitutional. Is that your position? We've challenged both. We challenged the ordinance on its face, and I would also point out our facial challenge covers all of the language of the ordinance, not just the sound portion. In this case, the city is arguing this is all about volume. That only applies one particular provision. You've never been charged. The police have never threatened to enforce any of these other provisions of the ordinance against you, isn't that correct? Your client, isn't that correct? We don't have anything in the record. So on this record, I don't see how you really can expand your challenge or why you even have standing to expand your challenge to the rest of the ordinance. I know you spent a lot of time on your brief addressing that, but to me, I don't see how none of the other ordinances ever threatened to be enforced against you, how you've got any standing to challenge those other things. In a facial challenge, we're entitled to put ourselves in the position of third parties who are not before the court, even if... ...has been applied to you. But you can't just say, oh, I guess today's Tuesday I'll challenge this statute facially and Wednesday I'll challenge that statute facially because I'd love to go to court. You can't do that. You've got to show a personal investment in the issue. And there's never been any suggestion that any provision other than that paragraph 3 has ever been attempted or threatened to be used against your clients. Well, and I don't know that law enforcement are that specific when they enforce the ordinance. They tell them you've got to stop. All of that points to me the most important thing about this case is coming out of a request for a preliminary injunction. You may be able to prove things. You may not. But right now, you have a burden on a preliminary injunction. It's a disfavored process. And the court has made some factual findings. And I just don't know how you progress past that. Thank you, counsel. We're going to extend a minute of rebuttal time for you because your time has run out. But for now, you're well over your time. Thank you. Thank you, counsel. May it please the court, my name is Ricky Joe Knighton II. My co-counsel, Jeannie Snyder, and I represent defendants, City of Norman and Jeff Robertson. The factual issue that's being raised in this case that there seems to be some concern about is whether or not plaintiffs and their associates have been heard inside the abortion surgery center. The record in this case includes a citation issued to Mr. Harmon on March 4th of 2016. That citation states that Mr. Harmon was using a PA system in disrupting the business. That citation was issued by Carl Pendleton, who is a police officer for the city that works off-duty providing security to that abortion clinic. Jeff Robertson also works off-duty and provides security to that abortion clinic. Again, that citation from Mr. Pendleton occurred. Mr. Pendleton was inside the abortion surgery center, heard Mr. Harmon outside using the amplified PA system, came outside, told him that's probably illegal. He refused to stop. The police were called. When they showed up, the allegations in that citation are Mr. Harmon stopped. But once they left, he continued using that amplified PA system again. The video evidence submitted by defendants include two videos, which include instances of Mr. Harmon using the PA system while he is outside the abortion surgery center. And it's not difficult from those videos to come to the conclusion that he's making sound that's loud enough to be heard inside. The video evidence includes video number four, which are what I believe to be plaintiff's associates specifically directing their comments to people inside the abortion surgery center. They're outside. They're yelling, if you are in there, please come out. Video number five and six are instances where plaintiff's associates are using a megaphone, a large megaphone, and again, addressing their comments to people inside the abortion surgery center. And what's interesting with regard to that video evidence is in their petition, plaintiffs allege that they are peaceful, one-on-one sidewalk counselors. But when you watch a lot of the video footage, most of the instances where those amplified devices are being used, there's no one in the parking lot. There's no one to be talking to. The only people that could be being talked to under those circumstances are people that are inside the abortion surgery center. Under these circumstances and based on this factual record, the district court's ruling that Mr. Harmon and his associates, and again, let me also mention that there's also a Facebook message. That Facebook message was sent on October 28th of 2016. In that message, Mr. Harmon states that he has preached loud enough to be heard in the abortion surgery center. He further states that mothers and fathers have told him that they heard him while they were in the abortion surgery center. And finally, he attributes enforcement of section 15-503 with prohibiting life-saving words from being heard in the very place where they are needed most. Quote, inside that abortion clinic. Where did the quote end and start? Were the words inside the abortion clinic in quotes? That's correct. The quote starts with, inside that abortion clinic. And that is the Facebook message from Mr. Harmon. It's on pages 86 through 88 of plaintiff's appendix. So, not only does Mr. Harmon intend to preach loud enough to be heard in the abortion surgery center, he has admitted that he has in fact been heard inside the abortion surgery center. Now, the other factual misstatement here appears to be plaintiff's suggestion that police officers are driving around town. And when they hear somebody making a noise, they stop and they speculate as to whether or not that sound is loud enough to be heard inside of a building. And then, under those circumstances, they issue a citation. What's interesting in this case is if you look at plaintiff's petition, specifically with regard to the Dotson's. They allege that they've been threatened with enforcement of section 15-503 for many years. Yet, they do not identify time, place, or circumstance. In fact, they name five unidentified police officers, and defendants in this case, and argue in each of the instances where the Dotson's allege that they've been threatened is attributed to one of these unidentified police officers. Now, the city was ready, or defendants were ready, to concede that there really isn't any evidence in the record with regard to the Dotson's. Again, that's due in part because the allegations in plaintiff's petition with regard to the Dotson's are very vague. They don't really give defendants enough information to investigate the veracity of their claims. Again, we've been threatened for many years. Well, by who? Where did it occur? What time was it? What was the location? If you give me the location, as with Ms. Robinson, and the issue with regard to the citation issue to Ms. Robinson is, I believe that's the person referred to generically in paragraph either 55 or 56 of plaintiff's petition. Now, that says that our associate was cited in August of 2017. Well, we were able to search our records and investigate and be able to determine that Ms. Robinson is probably that person. She was protesting outside the abortion center in October of 2017, and we were able to locate that citation. We have not been able to locate any other information with regard to the Dotson's. However, on plaintiff's page 15 of their brief, they state the following. This unbridled discretion was demonstrated in this case when the city's officers, including Robertson, applied the code to prescribe any sound that is audible inside of a building, regardless of anyone's piece being disturbed. In addition, it was left to the discretion of the officers who were necessarily outside when they confronted Harmon and the Dotson's to determine what sound could be heard inside. So that to me indicates that it was not an error for the district court to include the Dotson's along with the behavior attributed to Mr. Harmon and whoever plaintiff's associates are. But with regard to the as-applied claim for the plaintiffs, the district court ruled that it was a reasonable time, place, and manner restriction. And as the court knows, to be a reasonable time, place, manner restriction. Now you've confused me again. If it's as-applied, then you're not looking at reasonableness of the time, place, or manner conditions, restrictions. That's how you analyze a facial challenge. So you respond as to the as-applied challenge. You're saying it satisfies the requirements to overcome a facial challenge. So what is your understanding of the as-applied challenge? My understanding of the as-applied challenge and the difficulty with regard to this particular case, again, is plaintiff's allegations are very vague. My understanding and what I think plaintiffs are trying to argue is the same argument made by the plaintiffs in this court's decision in Oney v. City of Oklahoma City. And in that case, that was an issue with regard to Jehovah's Witness. And the question was, were the plaintiffs in that case who were peacefully, simply distributing their literature, was that a violation of the ordinance? Or was there evidence in the case which indicated that they were doing it in a manner that was disruptive? So this defendant's position would be that argument assumes the underlying validity of that particular ordinance. The question just becomes, is it being applied in a manner that's unconstitutional? I think the evidence in this case, at least at the preliminary injunction state, indicates that it is not being applied in an unconstitutional manner. Specifically, the video evidence that we submitted to the court, video number eight, depicts an instance where someone complained. I believe it was some patient that was visiting the clinic, complained with regard to plaintiff's activities. The police were dispatched to that location. You see them go into the building. You see them come out of the building. You see them advise plaintiffs and their associates, as long as you're not trespassing and making too much noise, you're fine and there's nothing for us to do. So even though plaintiff's petition indicates that there have been instances where they may have been peacefully protesting, or at least they alleged they've been peacefully protesting or sidewalk counseling and threatened with the enforcement of Section 15-503, the evidence in this case does not support those allegations. Again, the evidence that we were able to locate with regard to plaintiff's activities has shown when they are protesting in a peaceful manner, if they're sidewalk counseling. And defendants would admit on those videos there are many instances where plaintiffs are peacefully protesting on the sidewalk. Someone comes to the abortion clinic. The plaintiffs will ask to speak with them. They'll come over. They'll engage in conversation with them about their opinions with regard to the subject of abortion. And sometimes they go away. Sometimes there's some information in those videos that indicates that they've persuaded people on occasion to choose a different path. There isn't any evidence in this case which indicates that under those circumstances, when plaintiffs are truly peacefully protesting outside of that clinic, that they've been threatened with enforcement of Section 15-503. The only instances have been those instances when, again, the noise that they're making is loud enough to be heard inside and to disturb the peace of another. And, again, contrary to plaintiff's argument, the instances when the ordinance has been enforced, someone's peace has been disturbed, or at least that's the allegation. I mean, both the citations that are in the record in this case, the one issued to Mr. Harmon, the one issued to Ms. Robinson, are instances where someone alleged that their peace was being disturbed. Now, as to the merely audible argument with regard to plaintiffs, that's something, that term does not appear in the district court's order. That term does not appear in the ordinance. I don't know where that comes from other than an attempt to try to manufacture information to argue that this ordinance is unconstitutional. But... What was the term again? Merely audible. As a threshold matter, what has been advised as to how this ordinance is enforced, if you are outside in the parking lot and you're peacefully protesting and the people in the building can't hear you, defendant's position would be, as a matter of law, you cannot be charged with disturbing the peace of another because they cannot hear you. So, as a threshold matter, defendants believe there has to be some information under this factual circumstances that someone in the building can hear you. Because, again, if they can't hear you, you can't be disturbing their peace. But then the addition to that is someone who's inside the building has to come forth and make the allegation that their peace was being disturbed on that particular occasion. And that's what the factual record shows with regard to how this particular ordinance has been enforced. And what's interesting about that is, again, plaintiffs in their petition allege they've been threatened for many years, yet the only evidence or information in the record when that ordinance has been enforced, specifically at this location, there are two citations issued since 2016. Again, and the record includes videos that show that plaintiffs are frequently in front of that abortion clinic protesting. But, again, defendants would submit that if this ordinance was truly being enforced in the heavy-handed manner that plaintiffs suggest, there would be significantly more citations. But, again, so defendants' argument with regard to plaintiffs' as-applied claim is that this ordinance is not being enforced. There's no evidence in the record to support a substantial likelihood that it's being enforced in an inappropriate manner. And, therefore, the district court's order with regard to plaintiffs' as-applied challenge should not be disturbed. Again, plaintiffs also make a facial challenge. Again, what's important for defendants with regard to plaintiffs' facial challenges is that the Supreme Court has advised us that a facial challenge of strong medicine should be used by courts sparingly and only as a last resort. In this case, the district court ruled that it was premature to conclude that Section 15-503 on its face is unconstitutional, specifically citing this court's decision in Oney v. City of Oklahoma City, where this court reviewed a very similar ordinance and came to the conclusion that it was valid on its face. What about the due process vagueness challenge to the ordinance? Plaintiffs also make a due process vagueness challenge. And, essentially, what plaintiffs do with regard to their due process claim is to argue that, well, you have all these terms in 15-503, specifically subsections 1, 2, 4, and 5, and we don't know what those words mean, and, therefore, that must mean the ordinance is vague. Okay, just focus on 3. Okay. Isn't that still pretty vague? With regard to 3 being vague, I do not believe that that's vague. The defendant's argument is that- You have another ordinance that sets decibel levels, right? That's correct, Your Honor. That's precise. That's precise. However, that is more restrictive than 15-503. Because, one, with regard to an as-applied challenge, as a general rule with regard to that ordinance, the methods or the means selected by the government do not have to be the least restricting. And, in this case, we believe that Section 15-503 is narrowly tailored to a significant governmental interest. The interest identified by the district court was- That's not the question I'm asking. I'm asking about vagueness. The way it's stated, loud enough to upset other people, that could easily turn on whether the people who hear it don't like the content or not. That's correct, Your Honor. And that's the concern here about vagueness. Brainerd v. City of Rockford, the U.S. Supreme Court advised us, and this is the way that we've always enforced 15-503, is you have to take into consideration the nature of the place and the pattern of its normal activities. And that's how this ordinance is being enforced. You have to take that into consideration. And I see my time has expired. May I do a short close? May I do a short close? Take another 30 seconds, please, and finish off. Based on the evidence and limited briefing in this case today, the district court correctly concluded that plaintiffs are not entitled to a preliminary injunction because they failed to establish a substantial likelihood of success on the merits. Because they have not carried their high burden to establish that the district court abused its discretion, the district court's order should be affirmed. Thank you. Thank you, counsel. Mind applying the same rule? We'll give you a minute. Thank you. Thank you. I would like to point out that we, again, raised an argument that the law enforcement officers exercised unbridled discretion. The district court did not even mention that claim, did not mention or address it. So the district court denied our motion for preliminary injunction essentially without even addressing all of it. That alone should be an abuse of discretion. Again, Judge Hartz, as to your concern about the difference between the facial challenge and the as-applied challenge, I think we're entitled to argue in the alternative. We challenge the ordinance on its face. If, in fact, the ordinance is facially constitutional, then it's applied unconstitutionally. And we argue that in the alternative. As to the Dotsons, I would point out this is a verified complaint. At one point, the city tries to argue that allegations in a complaint are not sufficient. This is a verified complaint, so the statements are sworn, so that's evidence. They don't have evidence in the form of an affidavit or otherwise saying anything about the Dotsons one way or the other. Thank you. Thank you, counsel. Counselor, excuse the court. It's going to take a brief recess at this point.